**AFFIRMED; Opinion Filed April 30, 2014.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00719-CR

### KATHY BRANNOCK, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-84721-2011**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice Moseley

Kathy Brannock was charged with driving while intoxicated. Prior to the trial, Brannock filed a motion to suppress, which the trial court denied after conducting a hearing. A jury convicted Brannock as charged. In three issues, she argues the evidence presented at the motion to suppress hearing was insufficient to support the trial court's ruling, the evidence presented at trial was insufficient to support the conviction, and the trial court abused its discretion by allowing the State to publish law contradictory to the jury charge in closing argument.

The background of the case and the evidence adduced below are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

The sole witness testifying at the motion to suppress hearing was Jason Sorrell, a police officer for the City of Frisco. Sorrell testified that he was working the night of May 25, 2011, when he encountered Brannock, who was operating her vehicle in Collin County. Sorrell noticed the vehicle Brannock was driving because the car did not stop at a stop sign. The car did, however, stop before the crosswalk.[1]

Sorrell positioned his patrol car behind Brannock's car and "paced" her vehicle for several seconds. He determined Brannock was driving 62 miles per hour in a zone where the speed limit was 45 miles per hour. Sorrell stated that while he was driving behind Brannock's car, his speedometer (which was calibrated) showed that his car was traveling 62 miles per hour. Because the distance between their cars remained constant, he concluded Brannock also was driving 62 miles per hour. If the two cars had not been traveling the same speed, then "I would either struck [sic] her or actually passed her," which he did not do. After Sorrell determined Brannock was speeding, he initiated a traffic stop. Sorrell testified he does not pace cars "all the time," but he is permitted to do so. It is a practice used in the police department.

At the end of the hearing, the trial judge denied the motion, stating: "I find the officer's testimony to be trustworthy." The trial court did not make any express findings of fact.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for an abuse of discretion, but review its application of the law to the facts de novo. *Id*. We give almost total deference to the trial court's determination of historical facts, particularly when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Id.*

---

[1] On May 25, Sorrell believed Brannock committed a traffic violation by not properly stopping at the stop sign. At the hearing, he testified that she had not committed an offense; he subsequently learned that she did not violate a traffic rule based on where she stopped. We do not consider whether Brannock had reasonable suspicion to stop Brannock based on whether she properly stopped at the stop sign.

As a general rule, we view the evidence in the light most favorable to the trial court's ruling and afford the prevailing party the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence. *State v. Duran*, 396 S.W.3d 563, 571 (Tex. Crim. App. 2013). When the trial court does not make express findings of fact, we assume it made implicit findings of fact in support of its ruling if the findings are supported by the record. *See Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). We will uphold the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Turrubiate*, 399 S.W.3d at 150.

In her first issue, Brannock argues the evidence presented at the motion to suppress was insufficient to support the trial court's ruling denying her motion. An officer may lawfully stop and reasonably detain a person for a traffic violation. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *see also Terry v. Ohio*, 392 U.S. 1, 21 (1968). Reasonable suspicion exists if the officer has specific, articulable facts that reasonably lead to the conclusion the person detained is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

Sorrell testified he determined Brannock was speeding by driving behind her, or "pacing" her vehicle. Speeding is a traffic violation. The trial court found Sorrell's testimony to be truthful, and we must review his testimony in the light most favorable to the trial court's ruling. Even if there is some evidence Sorrell's vehicle was gaining on Brannock while he "paced" her at 62 miles per hour, we conclude the trial court did not abuse its discretion by concluding Sorrell had reasonable suspicion to stop Brannock for speeding—i.e., for driving over 45 miles per hour. We overrule Brannock's first issue.

In her second issue Brannock states the evidence presented at trial was insufficient to support the conviction. However, her brief merely re-urges the arguments she made in her first

issue, i.e., that Sorrell failed to establish specific articulable facts to establish a reasonable suspicion to conduct a traffic stop. She does not identify any elements of the charged offense—driving while intoxicated—that the State failed to prove. We conclude her second issue adds nothing for us to consider. We overrule Brannock's second issue.

In her third issue, Brannock asserts the trial court abused its discretion by allowing the State to publish law contradictory to the jury charge in closing argument. Although Brannock's counsel lodged several objections, the trial court never ruled on any of them. Rather, in response to the objections, the trial court told the jury that the jury had the law in the jury instructions and any of counsel's statements not in harmony with that law must be disregarded. The trial court never sustained Brannock's objection or told the State to remove the statements about which Brannock complains.

To preserve a complaint for appellate review, the record must establish (1) that the complaint was made to the trial court by a request, objection, or motion that was timely and sufficiently specific to make the trial court aware of the grounds of the complaint and (2) that the trial court ruled adversely. TEX. R. APP. P. 33.1. Because defense counsel failed to obtain a ruling from the trial court on Brannock's objections to the State's display, we conclude this complaint has not been preserved for appellate review. *See* TEX. R. APP. P. 33.1.

We affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130719F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KATHY BRANNOCK, Appellant

No. 05-13-00719-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 6, Collin County, Texas
Trial Court Cause No. 006-84721-2011.
Opinion delivered by Justice Moseley.
Justices O'Neill and FitzGerald participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 30th day of April, 2014.


  /Jim Moseley/
JIM MOSELEY
JUSTICE